UNITED STATES DISTRICT COURT

For the Eastern District of Louisiana

| | | |
|---|---|---|
| BRENDA THOMAS | * | |
|       Plaintiff | * | Civil Action No. 18-1264 (N) (4) |
| v. | * | |
| | * | |
| KFC CORPORATION, et al. | * | |
|       Defendants | * | |
| *   *   *   *   *   * | | |

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

NOW INTO COURT, through undersigned counsel, comes plaintiff, Brenda Thomas, and respectfully submits this memorandum in support of her motion to remand this matter to Civil District Court for the Parish Orleans, State of Louisiana.

Statement of the Case

Plaintiff filed her Petition for Damages in Civil District Court for the Parish of Orleans, on 28 September 2017.  Document 1-3 at 1.  Defendants KFC Corporation, Yum Restaurant Services Group, LLC, and Yum Brands, Inc. filed their Notice of Removal on 7 February 2018. Document 1.  Defendant bases its removal on the disclosure of plaintiff's address in her answers to written discovery in the state matter (Document 1-3 at 11 et seq.), which answers were served on the defendants aforesaid on 8 January 2018 (Document 1-3 at 27).  This Motion to Remand follows.

Law & Analysis

### Governing Substantive Law

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction. 28 U.S.C. § 1441(a); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing

defendant bears the burden of ensuring compliance with the procedural requirements of removal. *Manguno*, 276 F.3d at 723. The removal statutes are strictly construed in favor of remand. *Id*. Removal procedures are governed by 28 U.S.C. § 1446, which provides that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).  While each defendant need not sign the notice of removal, there must be "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect to have the authority to do so, that it has actually consented to such action." *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002).

In *Crowe v. State Farm Mut. Auto. Ins. Co*., 2018 U.S. Dist LEXIS 29062, *6 (E.D.La. No. 17-13852, 2/22/18), the Court granted the motion to remand because one defendant filed no written consent within its 30-day period to indicate its consent to removal, and its verbal consent to removal, given to the other defendant, was insufficient.  The removing party has the burden to show by a preponderance of the evidence that all procedural requirements were met in the removal process.  *Crowe*, 2018 U.S. Dist. LEXIS 29062 at *8. The removing defendant must do more than merely state that another served defendant consents to removal in its notice of removal filed in federal court. Id. (citing  *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988).

*Argument*

Plaintiff respectfully contends that removal is defective in this matter and accordingly the case must be remanded to Civil District Court for the Parish of Orleans. The Notice of Removal was filed by defendants KFC Corporation, Yum Restaurant Services Group, LLC, and Yum Brands, Inc.  The Notice of Removal does not in itself contain the consent for removal from West Quality Food Service Inc. Defendants KFC Corporation, Yum Restaurant Services Group, LLC,

and Yum Brands, Inc. have also filed a Consent to Removal, purportedly on behalf of West Quality Food Service Inc.  Document 1-1.  As noted in the Notice of Removal (Document 1 at 5), this Consent to Removal is not signed (Document 1-1 at 2).  Although defendants indicated an intention to file a signed version of the Consent to Removal, no such document is in the record as of 30 days from the date that plaintiff served her discovery responses.  Under the law cited, supra, one defendant may not consent for another, and all defendants must consent within 30 days. The unsigned Consent filed with the Notice of Removal in this matter is identical to an allegation in the Notice itself.

Plaintiff respectfully contends therefore that the unsigned Consent to Removal is insufficient, and, because of the insufficiency, defendants have not unanimously consented to removal within the requisite time period.  The matter should accordingly be remanded.

Conclusion

For these reasons aforesaid, the motion to remand should be granted.

Respectfully submitted,

s/ *Ryan A. Jurkovic*_____
Isaac H. Soileau, Jr. (LSBA No. 21384)
ihs.soileaulegal@gmail.com
Ryan A. Jurkovic (LSBA No. 31384)
rjurkovic@soileaulegal.com
SOILEAU & ASSOCIATES, LLC
1010 Common Street, Suite 2910
New Orleans, Louisiana 70112
504 522 5900 /504 522 5998 (fax)
Attorneys for Plaintiff, Brenda Thomas

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleadings has been served on counsel of record for all parties to these proceedings, by ECF transmission, this 8th day of March, 2018.

s/ *Ryan A. Jurkovic*_____

3