UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BRENDA THOMAS                                    CIVIL ACTION: 2:18-cv-01264

VERSUS                                           JUDGE: KURT D. ENGELHARDT

KFC CORPORATION, YUM BRANDS,                     MAG: KAREN WELLS ROBY
INC., YUM RESTAURANT SERVICES
GROUP, INC. AND KFC FRANCHISEE

************************************************************************

### <u>MEMORANDUM IN OPPOSITION TO MOTION TO REMAND</u>

NOW INTO COURT, through undersigned counsel, come KFC Corporation, Yum Restaurant Services Group, LLC and Yum Brands, Inc. (sometimes referred to collectively hereafter as "Defendants") who oppose the Motion to Remand filed by Brenda Thomas ("Plaintiff") for the following reasons:

**<u>Overview</u>**

Plaintiff's Motion to Remand must be denied. Plaintiff does not dispute that the Defendants' Notice of Removal was timely filed. Plaintiff does not dispute that Defendants had the consent of the non-removing defendant, West Quality Food Service, Inc. ("West Quality Food"), to remove the case to this Court. Plaintiff does not dispute that Defendants timely filed an unsigned Consent to Removal on behalf of West Quality Food. Nor does Plaintiff contest that, the very next day, a signed Consent to Removal was filed on behalf of West Quality Food.

-1-

Rather, Plaintiff moves to remand this case by contending that the Notice of Removal and the unsigned Consent to Removal filed by Defendants on behalf of West Quality Food was procedurally defective, even though it is undisputed that Defendants had express authority from West Quality Food to file the Notice of Removal and Consent to Removal on its behalf.

Alternatively, West Quality Food need not even have consented to this removal because it has never been served with process in this matter. The removal was valid with or without its consent as consent is only required if the non-moving defendant has been "properly joined and served". West Quality Food has never been named a defendant and thus has never been served. Because all Defendants who have been properly joined and served consented to the removal within the thirty day removal period, Plaintiff's motion to remand must be denied.

**Pertinent Facts**

Defendants filed their Notice of Removal on the 30th day after receipt of Plaintiff's discovery responses. Those discovery responses were Defendants' first receipt of documents indicating that the matter was removable to this Court based on diversity of citizenship jurisdiction. Counsel for West Quality Food was contacted shortly after the discovery responses were served and gave his clients' written consent to the removal and gave counsel for the Defendants express authority to remove within the 30 day removal deadline.[1] The unsigned Consent to Removal was filed with the Defendants' Notice of Removal, both of which expressly stated, in writing, that Defendants had the consent of West Quality Food to remove the case and that counsel for West Quality Food was in the process of signing the Consent to Removal.

The following day, a signed Consent to Removal was filed on behalf of West Quality Food.

---

[1] See a copy of the email exchange between Attorney James Kokemor on behalf of West Quality Food Service, Inc. and undersigned counsel on behalf of the remaining defendants attached as Exhibit A.

-2-

Notably, West Quality Food was not named as a defendant in the state court Petition for Damages.  Instead, "KFC Franchisee, a fictitious name" was named as a defendant and West Quality Food voluntarily answered.  Plaintiff has not amended the Complaint to name West Quality Food and thus West Quality Food has not been served with any process in this matter.

**Law and Argument**

Quite simply, Defendants had the requisite consent from West Quality Food as the non-removing defendant and evidence of that consent with the requisite writing.  Plaintiff argues that the removal is "defective" because it "does not in itself contain the consent for removal from West Quality Food Service, Inc."  This argument disregards the specific language of the Notice of Removal as well as the unsigned Consent to Removal, which Defendants filed on behalf of West Quality Food, with its express approval in writing within the 30 day removal window, and the fact that a signed Consent to Removal was filed the very next day to replace the unsigned version.

The removal statute provides, in pertinent part, that "all defendants who have been properly joined and served must join in or consent to the removal of the action."   28   U.S.C.   § 1446(b)(2)(A). When consent is required, Plaintiff is correct in that removal pleadings must contain "some timely filed written indication from each served defendant, <u>or from some person or entity purporting to formally act on its behalf in this respect to have the authority to do so</u>, that it actually consented to such action."  *Crowe v. State Farm Mutual Automobile Ins. Co.,* 2018 WL 1027222 (E.D. La. No. 17-13853, 2/22/18) (emphasis added).  Here, the Notice of Removal itself contained a written indication from Defendants purporting to formally act on behalf of West Quality Food with regard to removal.  The Notice stated specifically, "The defendant who made a voluntary appearance in the state court litigation, namely West Quality Food Service,

Inc., consents to the defendants' removal of this action to the Court." (Rec Doc. 1, pg. 5.) Therefore, the Notice itself meets the requirements set out in *Crowe*. In addition to the Notice, the Consent to Removal filed in connection with the timely filed Notice of Removal, once again with the express and written consent of West Quality Food as indicated by Exhibit A, satisfies this requirement, i.e., even the unsigned Consent to Removal is a written indication of consent complying with *Crowe*. Defendants had the written consent of West Quality Food to file the Consent to Removal on its behalf. Defendants acted on its behalf when they filed both the Notice of Removal and Consent to Removal and obviously had the authority to do so within the 30 day removal window. Simply due to timing, a signed Consent to Removal by counsel for West Quality Food was not filed that day. Moreover, the very next day a Consent to Removal signed by counsel for West Quality Food was filed.

If Plaintiff's Motion to Remand is granted, all of the Defendants will be deprived of an opportunity to litigate these claims in federal court when all Defendants had clearly consented to removal at the time the removal pleadings were timely filed with a writing evidencing the consent of all defendants. Equity and fairness certainly do not suggest that the Defendants should be deprived of their right to litigate these claims in federal court under these circumstances. Nor do the removal statutes and interpreting case law require remand.

Alternatively, the consent of West Quality Food was not even required. Consent from a non-moving defendant is only required if the non-moving defendant has been "properly joined and served". (*See* 28 USC § 1446(b)(2)(A).) Without question, West Quality Food has never been served. In fact, West Quality Food has not even been named a defendant at any time in this litigation. Even though the consent of West Quality Food was not technically required, Defendants obtained its consent during the relevant time period out of an abundance of caution.

Therefore, there can be no basis for remanding this matter based on lack of consent of any defendant, especially not a party who has not been properly joined and served as required by the removal statute.

**Conclusion**

The Motion to Remand should be denied because Defendants had the consent of all properly joined and served defendants at the time of removal, as well as the consent and authority of West Quality Food, which was demonstrated by both the language of the Notice and the Consent to Removal and is affirmed by the e-mail from counsel.

Respectfully submitted,

*/s/Dean M. Arruebarrena*
DEAN M. ARRUEBARRENA (#24283)
CRAIG M. COUSINS (#22311)
MARC E. DEVENPORT (#23712)
LEAKE & ANDERSSON, LLP
1100 Poydras Street, Suite 1700
New Orleans, LA  70163
Tel:  (504) 585-7500
Fax:  (504) 585-7775
Email:  darruebarrena@leakeandersson.com
         ccousins@leakeandersson.com
         mdevenport@leakeandersson.com
Counsel for Defendant, KFC Corporation, Yum Restaurant Services, Group, LLC and Yum Brands, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, first class postage prepaid, by hand delivery, facsimile transmission, or electronic transmission on March 19, 2018, at their last known address of record.

*/s/ Dean M. Arruebarrena*

CP/43113/154

-5-