UNITED STATES DISTRICT COURT

For the Eastern District of Louisiana

BRENDA THOMAS                              *

          Plaintiff        *                    Civil Action No. 18-1264 (N) (4)

v.                                         *

                                *

KFC CORPORATION, et al.                    *

          Defendants       *

*         *         *         *         *         *

## REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO REMAND

NOW INTO COURT, through undersigned counsel, comes plaintiff, Brenda Thomas, and respectfully submits this reply memorandum in further support of her motion to remand.

Defendants argue that the Motion to Remand should be denied because, first, they filed a consent to removal for defendant West Quality Food Service, Inc. (hereinafter 'WQFS') (Document 10 at 3) and, second, WQFS was not joined and served (Document 10 at 4).

As to the first argument, defendants filed Document 3 on 8 February 2018, which is outside the 30-day window to notice a removal properly. Whether Document 3 was properly authorized within the 30-day window is irrelevant. Rather, what is required is "some *timely filed* written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect to have the authority to do so, that it has actually consented to such action." *Crowe v. State Farm Murtal Auto. Ins. Co.*, 2018 U.S. Dist. LEXIS 29062, *4 (E.D.La. 17-13853, 2/22/18) (emphasis added). Failure to comply with the thirty-day time limitation or with the unanimity requirement renders the removal procedurally defective. *Id.* Because the consent to removal by WQFS was not filed timely, the removal of this matter was procedurally defective.

1

Had the other defendants been authorized to file the consent, then they would not have thought Document 3 was necessary. What was timely filed was an unsigned consent form. The Court should not permit the signed but untimely consent in Document 3 to relate back or substitute for the unsigned document that was attached to the notice of removal. Allowing such substitution would be similar to permitting an unsigned Complaint to be considered properly filed, even though the latter is not permitted. See *Gonzales v. Wyatt*, 157 F.3d 1016 (5th Cir. 1998) (prisoner's signed complaint considered untimely despite prior unsigned timely filing).

Regarding the argument that WQFS is not properly joined and served, plaintiff respectfully contends that WQFS was served via personal service by the Orleans Parish Sheriff. Though it is not plaintiff's burden to prove that the notice of removal is defective, plaintiff respectfully submits her Exhibit A, which contains shrieval website pages regarding the service of process on defendant WQFS as "KFC Franchisee" at its New Orleans residence; plaintiff respectfully requests that the Court take judicial notice of the facts contained within her exhibit, as they reflect official records of the State of Louisiana, available on the Orleans Parish Sheriff website. Defendant WQFS has accordingly been served, even if under a fictitious name, which name was sufficient to identify it for the purposes of its filing a state court answer; defendant can hardly now complain that it has not been properly joined, as it waived these procedural objections at the state level when it did not file an exception of insufficiency of service or insufficiency of process—instead filing an answer to the state petition. See Document 5-1 at 5 et seq.

For these reasons aforesaid, the motion should be granted.

Respectfully submitted,

s/ *Ryan A. Jurkovic*_____
Isaac H. Soileau, Jr. (LSBA No. 21384)
ihs.soileaulegal@gmail.com
Ryan A. Jurkovic (LSBA No. 31384)
rjurkovic@soileaulegal.com
SOILEAU & ASSOCIATES, LLC
1010 Common Street, Suite 2910
New Orleans, Louisiana 70112
504 522 5900 /504 522 5998 (fax)
Attorneys for Plaintiff, Brenda Thomas

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleadings has been served on counsel of record for all parties to these proceedings, by ECF transmission, this 26th day of March, 2018.

s/ *Ryan A. Jurkovic*_____

3