UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BRENDA THOMAS

VERSUS

KFC CORPORATION, YUM BRANDS, INC., YUM RESTAURANT SERVICES GROUP, INC. AND KFC FRANCHISEE

CIVIL ACTION: 2:18-cv-01264

JUDGE: KURT D. ENGELHARDT

MAG: KAREN WELLS ROBY

**********************************************************************

## SUR REPLY MEMORANDUM IN OPPOSITION TO MOTION TO REMAND

NOW INTO COURT, through undersigned counsel, come defendants, KFC Corporation, Yum Restaurant Services Group, LLC and Yum Brands, Inc. (sometimes referred to collectively hereafter as "Defendants"), who file this Sur Reply Memorandum in Opposition to the Motion to Remand filed by Brenda Thomas ("plaintiff") for the following reasons:

Defendants' Opposition to Plaintiff's Motion to Remand is well-founded and establishes that Defendants had the necessary consent of West Quality Food Service ("West Quality Food") at the time of removal. Accordingly, Plaintiff attempts to shift the focus by alleging in her reply that "[Defendant West Quality Food Service] was served via personal service by the Orleans Parish Sheriff." [Rec. Doc. 11-2 at p. 2]. However,

-4-

plaintiff is absolutely and objectively wrong. Such service is impossible because plaintiff has never formally named West Quality Food as a defendant in the state court proceedings or in these federal court proceedings. In the Petition for Damages that commenced the state court proceedings, plaintiff merely named "KFC Franchisee," a fictitious name, the franchisee that owned or operated the specific KFC Corporation restaurant at issue in this matter, to be amended if and when the identity of the franchisee is discovered..." Plaintiff requested service on this fictitious entity by personal service at the restaurant at issue. Plaintiff apparently had the sheriff serve any individual working at the restaurant who would accept same. Regardless, a fictitious defendant that does not exist cannot be served through some individual found at the location where the fictitious defendant purportedly operates.

In addition to the above, the aforementioned service was attempted when this matter was still proceeding in Louisiana state court. Louisiana Code of Civil Procedure Article 1261 provides that a corporate defendant such as West Quality Food *can only be validly served through its agent for service of process if a designated agent has been named*. West Quality Food designated and named CT Corporation System as its agent for service of process.[1] West Quality Food has never been named a defendant in this litigation, at any time, and thus has never been served through CT Corporation System. In fact, Plaintiff does not even claim to have served West Quality Food through CT Corporation System.

---

[1] See the Louisiana Secretary of State printout for West Quality Food attached as Exhibit "A."

In sum, 28 USC §1446(b)(2)(A) expressly provides that consent is only required from defendants who have been properly served. Consent from West Quality Food was not required in this matter because West Quality Food has never been named a defendant, much less properly served with process.

The Motion to Remand should be denied.

Respectfully submitted,

_/s/Dean M. Arruebarrena_____
DEAN M. ARRUEBARRENA (#24283)
CRAIG M. COUSINS (#22311)
MARC E. DEVENPORT (#23712)
LEAKE & ANDERSSON, LLP
1100 Poydras Street, Suite 1700
New Orleans, LA 70163
Tel: (504) 585-7500
Fax: (504) 585-7775
Email: darruebarrena@leakeandersson.com
ccousins@leakeandersson.com
mdevenport@leakeandersson.com
Counsel for Defendant, KFC Corporation, Yum Restaurant Services, Group, LLC and Yum Brands, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, first class postage prepaid, by hand delivery, facsimile transmission, or electronic transmission on April 10, 2018, at their last known address of record.

_Dean M. Arruebarrena_____

CP/43113/178

-6-