UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRENDA THOMAS | CIVIL ACTION |
| VERSUS | NO. 18-1264 |
| KFC CORPORATION, et al. | SECTION "N" (4) |

## **ORDER AND REASONS**

Given the specific facts presented here, **IT IS ORDERED** that Plaintiff's motion to remand (Rec. Doc. 9) is **DENIED** for essentially the reasons set forth by Defendants in their memoranda (Rec. Docs. 10 and 13) relative to the timely filing of a written consent of removal. The Court particularly notes (1) the reference in the February 7, 2018 notice of removal (Rec. Doc. 1, ¶8) to the forthcoming separate written consent of removal;[1] (2) that, on the day of removal – February 7, 2018 at 5:06 p.m. – counsel for Defendant West Quality Food Service, Inc., authorized (by email) counsel for the removing defendant to "sign the [Consent to Removal] on my behalf and

---

[1] Paragraph 8 of the Notice of Removal states:

> The defendant who made a voluntary appearance in the state court litigation, namely West Quality Food Service, Inc., consents to the defendants' removal of this action to this Court. (See the unsigned Consent to Removal filed in connection with these proceedings. Counsel for West Quality Food Service, Inc., is in the process of signing the Consent to Removal at the time of this filing and the original, signed pleading will be filed into the record shortly.

See Rec. Doc. 1 at ¶8.

1

file the Consent to Removal";[2] (3) an unsigned written consent was filed by removing counsel along with the notice of removal (Rec. Doc. 1-1); and (4) a Consent to Removal signed by counsel for Defendant West Quality Food Service, Inc., was filed the very next day, on February 8, 2018, at 1:50 p.m. *See* Rec. Doc. 3. Based on these facts, the Court finds the requirement of "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action," to have been sufficiently met. *See Getty Oil Corp. v. Ins. Co. of North America*, et al., 841 F.2d 1254, 1261, n.11 (5th Cir. 1988).[3]

      New Orleans, Louisiana, this <u>15th </u>day of May 2018.

                                        **KURT D. ENGELHARDT**
                                        **United States District Judge**

---

   [2]   *See* Rec. Doc. 10-1, pp. 1-2.

   [3]   Given its focus on a non-lawyer purporting to act on behalf of another non-lawyer, *i.e.* a *pro se* prisoner, which is not permitted in federal court, the Court finds *Gonzales v. Wyatt*, 157 F.3d 1016, 1021(1998), distinguishable.