UNITED STATES DISTRICT COURT

For the Eastern District of Louisiana

| | | |
|---|---|---|
| BRENDA THOMAS | * | |
| Plaintiff | * | Civil Action No. 18-1264 (A) (4) |
| v. | * | |
| | * | |
| KFC CORPORATION, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \*

## AMENDING & SUPPLEMENTAL COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Brenda Thomas, and respectfully submits this Amending & Supplemental Complaint, to wit:

### JURISDICTION AND VENUE

1. Plaintiff brings this case against defendant pursuant to the law of the State of Louisiana. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy is in excess of $75,000.

2. Venue lies in this district under 28 U.S.C. § 1391(b) because a substantial part of the events described herein took place in this district, evidence, and employment records relevant to the allegations are maintained in this district, and plaintiff and defendant reside in this district.

### PARTIES

3. The plaintiff, Brenda Thomas (hereinafter "Thomas"), resident in and domiciliary of the Parish of Orleans, State of Louisiana, was a customer of defendant at all times relevant hereto.

4. The defendant, West Quality Food Service, Inc. (hereinafter 'WQFS"), incorporated under the laws of and with its principal place of business in the State of Mississippi, is licensed to do and doing business in the State of Louisiana; WQFS owns and operates the restaurant at issue in

Case 2:18-cv-01264-JCZ-KWR Document 55-2 Filed 01/23/19 Page 2 of 6

this matter, under a franchise agreement with KFC Corporation, within the jurisdiction of this Court.

5. The defendant Liberty Mutual Fire Insurance Company, an insurance company that provided coverage respectively to WQFS for the damages alleged herein, joined here pursuant to Louisiana's direct action statute, LSA-R.S. 22:1269.

### FACTUAL ALLEGATIONS

6. On or about 1 October 2016, petitioner purchased through the drive-thru lane a chicken sandwich from defendant WQFS's 6009 Bullard Avenue restaurant in New Orleans, Louisiana. Instead of chicken breast, the sandwich was composed of a deep-fried rat corpse, inclusive of head and tail. Petitioner commenced eating this sandwich before realizing what it contained.

7. Petitioner returned the sandwich to the WQFS restaurant aforesaid whereupon the manager dispossessed her of it and disposed of it, which is spoliation of evidence, offering to prepare her a new sandwich, which offer she respectfully declined.

8. As a result of this event, petitioner has had to seek medical and psychological treatment, which treatment is as yet ongoing, for infectious disease, weight loss, and mental disorder *inter alia*.

9. At the time of the transaction aforesaid, the WQFS restaurant at issue was under the control of incompetent management, failed in its duty to provide safe and hygienic products and premises, and failed in performing safe commercial practices, in particular the operation of a restaurant selling food for human consumption in a safe and proper manner, as well as other negligent acts and/or omissions to be shown at the trial of this matter.

10. Petitioner was injured, in whole or in part, through the negligence, fault, or inattention to duties by defendant WQFS, its agents, or employees, or others, for whom same are legally

responsible, by virtue of the doctrine of respondeat superior, in one or more of the following non-exclusive particulars, to wit:

- Failure to provide petitioner with a safe premises as an invitee;

- Failure to provide petitioner with safe and hygienic products;

- Failure to staff its restaurant with properly licensed, properly trained, competent personnel;

- Failure to adhere to all applicable health and safety regulations;

- Failure to maintain or follow proper food storage and preparation procedures;

- Failure to warn of the risk that its products are adulterated with rat parts;

- Failure to take reasonable actions in order to avoid food contamination; and

- Other negligent acts and/or omissions to be shown at the trial of this matter.

11. Defendant WQFS owed a duty to petitioner to manage, train, and supervise employees, and to adopt procedures and processes, the ultimate result of which is to avoid serving her with fried rat; in serving her a fried rat, defendants breached their duties.

12. At all times pertinent hereto, defendant WQFS had in full force and effect a policy of liability insurance coverage, through Liberty Mutual Fire Insurance Company, which is applicable to the persons, premises, products, matters, things, entities, acts, omissions, and claims involved in this lawsuit, and, as such, the responsible carrier is liable jointly, severally, and in solido with its insured, and is accordingly sued directly, pursuant to LSA-R.S. 22: 1269.

13. Petitioner expressly claims those damages due her under the policies provided by the insurers named as parties defendant herein that are due by virtue of any parties herein having been made insureds or additional insureds under the terms of the insurance policies provided by the insurers party hereto.

14. As a result of the foregoing negligent acts, omissions, and/or unsafe products or premises, petitioner suffered severe and disabling physical and mental injuries, and seeks monetary damages for the following:

- Past and future loss of wages;

- Impairment of future earning capacity;

- Past and future impairment and/or disability;

- Past and future physical pain and suffering;

- Past and future mental and emotional pain and suffering;

- Past and future medical expenses, including medications and psychological treatment;

- Past and future loss of enjoyment of life; and

- Additional damages to be shown at the trial of this matter.

### CAUSE OF ACTION NO. 1

15. Plaintiff hereby re-alleges and incorporates herein as though pled hereunder *in extenso* the allegations in the above and foregoing paragraphs 1 through 14.

16. Plaintiff was injured because of the negligence, lack of care or skill, inattention to detail, or other fault of defendant or its agents, insofar as they owed a duty to her to avoid serving her adulterated food items.

17. Defendant nevertheless breached its duty, causing plaintiff damages.

### CAUSE OF ACTION NO. 2

18. Plaintiff hereby re-alleges and incorporates herein as though pled hereunder *in extenso* the allegations in the above and foregoing paragraphs 1 through 17.

19. The food item sold to plaintiff by defendant was unreasonably defective in construction or composition at the time it left defendant manufacturer's control in that the product deviated in

4

a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer, and the damages caused arose from a reasonably anticipated use of the product.

20. In the alternative, the product at the time of its delivery to plaintiff was unreasonably defective in design or lacked adequate warning to protect plaintiff from the type of harm contemplated herein.

CAUSE OF ACTION NO. 3

21. Plaintiff hereby re-alleges and incorporates herein as though pled hereunder *in extenso* the allegations in the above and foregoing paragraphs 1 through 20.

22. Defendant premises owner failed to prevent a dangerous condition that presented an unreasonable risk of harm to plaintiff and that risk of harm was reasonably foreseeable.

23. Defendant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence of same.

24. Defendant failed to exercise reasonable care in abating the dangerous condition.

JURY DEMAND

25. Plaintiff hereby requests trial by jury in this matter.

WHEREFORE, petitioner, Brenda Thomas, after due proceedings had, prays for judgment herein in her favor and against defendants, to wit: that defendants be cited and served, and thereafter found to be liable to petitioner jointly, severally, and in solido for all damages warranted in the premises, in liquidated amounts, and awarding to petitioner all such damages as are properly proven, together with interest from the date of judicial demand and all costs and expenses of the proceedings, including expert witness fees, and all other general and equitable relief for which he may be entitled.

Respectfully submitted,

s/ *Ryan A. Jurkovic*_____
Isaac H. Soileau, Jr. (LSBA No. 21384)
ihs.soileaulegal@gmail.com
Ryan A. Jurkovic (LSBA No. 31384)
rjurkovic@soileaulegal.com
SOILEAU & ASSOCIATES, LLC
1010 Common Street, Suite 2910
New Orleans, Louisiana 70112
504 522 5900 /504 522 5998 (fax)
Attorneys for Plaintiff, Brenda Thomas

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleadings has been served on counsel of record for all parties to these proceedings, by ECF transmission, this 16th day of January, 2019.

s/ *Ryan A. Jurkovic*_____