UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BRENDA THOMAS               * CIVIL ACTION
                            * NO. 18-1264(A)(4)
            Plaintiff       *
                            *
VERSUS                      *
                            *
                            *
KFC CORPORATION, et al.     *
            Defendants      *
                            *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

The deposition of **MICHELE COOPER, M.D.**, was taken at Crescent City Physicians, located at 5646 Read Boulevard, Suite 280, New Orleans, Louisiana 70127, on Monday, March 18, 2019, commencing at 5:30 p.m.

APPEARANCES:


          SOILEAU & ASSOCIATES, LLC

          BY:   RYAN A. JURKOVIC, ESQUIRE

                1010 Common Street

                Suite 2910

                New Orleans, Louisiana 70112

          ATTORNEYS FOR PLAINTIFF


          LAW OFFICES OF ROBERT E. BIRTEL

          BY:   JAMES J. KOKEMOR, ESQUIRE

                3850 North Causeway Boulevard

                Suite 220

                Metairie, Louisiana 70002

          ATTORNEYS FOR DEFENDANTS




     REPORTED BY:

          MARLANE A. GAILLE, CCR-RPR

          CERTIFIED COURT REPORTER #21005

I N D E X

| | PAGE: |
|---|---|
| Caption | 1 |
| Appearances | 2 |
| Stipulation | 3 |
| Certificate Page | 59 |

EXAMINATION INDEX:

| EXAMINATION BY: | PAGE: |
|---|---|
| Mr. Jurkovic | 5, 53 |
| Mr. Kokemor | 36 |
| Voir Dire | 9 |

EXHIBIT INDEX:

| EXHIBIT NO.: | PAGE: |
|---|---|
| 1 - CV | 11 |
| 2 - Photo of open sandwich | 50 |
| 3 - Photo of sandwich | 50 |

S T I P U L A T I O N

IT IS STIPULATED AND AGREED by and between counsel for the parties hereto that the deposition of the aforementioned witness may be taken for all purposes permitted within the Federal Rules of Civil Procedure, in accordance with law, pursuant to notice;

That the formalities of reading and signing are specifically waived;

That the formalities of filing, sealing, and certification are specifically waived;

That all objections, save those as to the form of the question and the responsiveness of the answer, are reserved until such time as this deposition, or any part thereof, is used or sought to be used in evidence.

*   *   *

MARLANE A. GAILLE, CCR-RPR, Certified Court Reporter in and for the State of Louisiana, officiated in administering the oath to the witness.

I would really have to look.

MR. KOKEMOR:

We'd have to ask you to do so.

THE WITNESS:

Do you want me to look?

MR. KOKEMOR:

Please.

THE WITNESS:

Because we have two computer systems, and everything before April 2018 is on the old system. Let's see.

And so the date that that happened was 2016 -- October 2016.

MR. KOKEMOR:

October?

THE WITNESS:

October 12, 2016.

MR. KOKEMOR:

Is that the first date she reported to you an incident in which she believed she ate a rat?

THE WITNESS:

Yes.

MR. KOKEMOR:

something that the front desk keeps?

A.    That would probably be a question for the manager.  But our manager is new, so I don't know.  They don't always do everything perfectly, so I'm not going to say for sure.

But they, a lot of times, are supposed to keep records of things, and they don't always do that.

Q.    Understood.  And so based on that first visit, did you render any kind of diagnosis or assessment based on the complaints that she had and the history?

A.    Well, as far as I can remember, definitely anxiety was one diagnosis, and I basically felt post-traumatic stress disorder just from, you know, the presentation.

Q.    Did you recommend any treatment or make any referrals?

A.    I believe I recommended that she find a therapist or a psychologist or psychiatrist, and I'm pretty sure I gave her something for anxiety.  Let me see.

For some reason, it doesn't show the medication, but it says "start medication."  So I must have just neglected to write the

came to your office the following Monday, or two days after the event, which would have been around October 3.

A.    Okay.

Q.    And that she entered your office and wanted to be seen for the incident of illness -- physical illness that was taking place over the weekend after eating -- allegedly eating the sandwich that she purchased on October 1.

A.    Okay.

Q.    So my question is do you have any report dated October 3 or any date in October until October 12 in which she reports consuming what she thought to be a rat?

A.    No -- this is 2016?  Right?

Q.    Yes, ma'am.

A.    No.

Q.    So the first report of any illness that she attributed to her alleged consumption of a rat was noted in your chart on October 12 of 2016.

A.    Yes.

Q.    Now we have asked for and have obtained what we thought was your entire chart

Q.   Did she have any physical complaints of nausea, diarrhea, or anything that you associate with gastroenteritis on January 16, 2017?

A.   No.

Q.   And when was the next visit?

A.   July 2017.

Q.   Same question.  Did she report any complaints associated with gastroenteritis to you on July 20, 2017?

A.   No.  Just right flank pain.

Q.   Did you examine her for right flank pain?

A.   Yes.

Q.   What did your exam consist of and what were your findings, if any?

A.   Just physical examination as far as palpation of her abdomen and flank area.  And I didn't find anything on physical exam.  We ordered tests.

Q.   Your notes have a visit of 7/3/2017?

A.   Yes.  That's the one we're on.  Right?

Q.   Was that the one you were just referring to?

A.   Yes.

Q.   All right.   I made a note July 20. It was July 3?

A.   Yes.

Q.   And, again, no continuing complaints or ongoing complaints associated with gastroenteritis on that occasion?

A.   No.

Q.   And I think you testified that you had four visits in 2017 -- I'm sorry -- 2018. In February, June, July and lastly in December -- on December 12 of 2018.  Is that right?

A.   Yes.

Q.   On any of those visits, did she ever complain of any symptoms relative to gastroenteritis?

A.   No -- wait.  No.

Q.   You previously testified that on every occasion you've seen her since October 12 of 2016 she has come in and presented in a state of anxiety or neurosis. Is that right?

A.   She presents -- not necessarily when we first get in the room as neurotic or having