UNITED STATES DISTRICT COURT

For the Eastern District of Louisiana

| | | |
|---|---|---|
| BRENDA THOMAS | * | |
| Plaintiff | * | Civil Action No. 18-1264 (A) (4) |
| v. | * | |
| | * | |
| KFC CORPORATION, et al. | * | |
| Defendants | * | |
| *   *   *   *   *   * | | |

## STATEMENT OF CONTESTED MATERIAL FACTS

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Brenda Thomas, and respectfully submits this statement of contested material facts in connection with her memorandum in opposition to the motion for summary judgment of defendant West Quality food Service, Inc. (Document 47).

1. Plaintiff does not contest defendant's purported Undisputed Fact No. 1.

2. Plaintiff does not contest defendant's purported Undisputed Fact No. 2.

3. Plaintiff does not contest defendant's purported Undisputed Fact No. 3.

4. Plaintiff does not contest defendant's purported Undisputed Fact No. 4.

5. Plaintiff does not contest defendant's purported Undisputed Fact No. 5.

6. Plaintiff does not contest defendant's purported Undisputed Fact No. 6, except that plaintiff testified that she informed the personnel at New Orleans East Hospital's emergency department that she had consumed a fried rat and was experiencing physiological symptoms related thereto.  Exhibit A at 50-52.  Plaintiff contends that she has no control over how those personnel documented the file and respectfully submits that defendant's attempt to impute to her any belief or statement on this basis is a fact question regarding

1

credibility and therefore cannot be decided on a motion for summary judgment.  Plaintiff also respectfully submits that this purported Undisputed Fact is immaterial to the motion.

7. Plaintiff does not contest defendant's purported Undisputed Fact No. 7.

8. Plaintiff contests defendant's purported Undisputed Fact No. 8. In addition to testifying that she told personnel at New Orleans East Hospital's emergency department that she had consumed a fried rat and was experiencing physiological symptoms related thereto (Exhibit A at 50-52), she also testified that she informed personnel at Dr. Cooper's offices at Crescent City Physicians that she had consumed a rat, but that these personnel told her that Dr. Cooper could not see her, as she lacked an appointment, and that they instructed plaintiff to go to the emergency department (Exhibit A at 49). Dr. Cooper testified that no one at her clinic has a duty to report to her on who appears in the waiting room without an appointment or who is referred to the emergency department without being seen at her clinic.  Exhibit B at 53-54.  Plaintiff also respectfully submits that this purported Undisputed Fact is immaterial to the motion.

9. Plaintiff does not contest defendant's purported Undisputed Fact No. 9.

10. Plaintiff contests defendant's purported Undisputed Fact No. 10, to dispute the term "only," as though her treatment were *de minimis* or her mental condition were trifling, as well as to qualify that she has received treatment otherwise that is unrelated to the injuries at issue in this matter.

11. Plaintiff contests defendant's purported Undisputed Fact No. 11 to the extent that she has testified that defendant failed to preserve the deleterious food product at issue in this matter after dispossessing her of it, and therefore scientific testing has been precluded by spoliation of evidence by defendant. Exhibit A at 44-46.  Defendant also had internal video

surveillance on the date that the food product was returned to and destroyed by defendant, but has failed to preserve it.  Exhibit C at 110-12.  Plaintiff contends that the video would have shown that she returned to the restaurant on 2 October 2016 and that defendant's employee took the food product from her and threw it in the trash.  Defendant had notice of the incident by 6 October 2016 at the latest, four days later.  Exhibit C at 102.  The only employee from whom defendant has taken a statement regarding these events, its general manager, has no knowledge.  Exhibit C at 116-17. Defendant has admitted it does not currently possess the food item in question.  Exhibit D at 2. Defendant thus has no factual basis on which to claim this as an undisputed fact or to controvert plaintiff's uncorroborated testimony.  Plaintiff also respectfully submits that this purported Undisputed Fact is immaterial to the motion, except to the extent that it involves defendant's spoliation of evidence.

12. Plaintiff contests defendant's purported Undisputed Fact No. 12 to the extent that the photographs have been interpreted by the defendant in a manner favorable to its desired outcome, but that the photographs permit the interpretation that the deleterious food product has been eaten, as plaintiff testified that she ate it (Exhibit A at 32, 35, 42) and her witnesses stated that plaintiff ate the sandwich (Exhibits, E, F, and G), and further that the photographs show only the axial view of the sandwich and not the sagittal or coronal views. Defendant's spoliation of the evidence has forever precluded anyone from photographing the sagittal or coronal views.

13. Plaintiff does not contest defendant's purported Undisputed Fact No. 13.  Plaintiff nevertheless submits that this purported Undisputed Fact is immaterial to the motion.

Respectfully submitted,

s/ *Ryan A. Jurkovic*_____
Isaac H. Soileau, Jr. (LSBA No. 21384)
ihs.soileaulegal@gmail.com
Ryan A. Jurkovic (LSBA No. 31384)
rjurkovic@soileaulegal.com
SOILEAU & ASSOCIATES, LLC
1010 Common Street, Suite 2910
New Orleans, Louisiana 70112
504 522 5900 /504 522 5998 (fax)
Attorneys for Plaintiff, Brenda Thomas

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleadings has been served on counsel of record for all parties to these proceedings, by ECF transmission, this 9th day of April, 2019.

s/ *Ryan A. Jurkovic*_____

4