UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRENDA THOMAS | CIVIL ACTION |
| VERSUS | NO: 18-1264 |
| KFC CORPORATION, ET AL. | SECTION: "A" (4) |

## ORDER AND REASONS

The following motion is before the Court: **Motion for Summary Judgment (Rec. Doc. 47)** filed by Defendants, West Quality Food Service, Inc. and Liberty Mutual Fire Insurance Co. Plaintiff, Brenda Thomas, opposes the motion. The motion, submitted for consideration on April 17, 2019, is before the Court on the briefs without oral argument.

Plaintiff Brenda Thomas filed this lawsuit against Defendants contending that she suffered physical and mental injury after consuming a sandwich containing a fried rat. Plaintiff claims that the product was purchased at the KFC on Bullard Avenue in New Orleans.

Defendants have filed the instant motion for summary judgment essentially contending that certain evidence contradicts Plaintiff's version of events. The clear message to be gleaned from Defendants' motion is that they believe that Plaintiff has fabricated a claim against them.

This matter is scheduled to be tried to a jury on November 4, 2019. (Rec. Doc. 45).

Summary judgment is appropriate only if "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

When faced with a well-supported motion for summary judgment, Rule 56 places the burden on the non-movant to designate the specific facts in the record that create genuine issues precluding summary judgment. *Jones .v Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). The district court has no duty to survey the entire record in search of evidence to support a non-movant's position. *Id.* (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1992); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988)).

The Court is persuaded that Plaintiff's opposition memorandum accurately characterizes Defendants' motion as one that seeks to have this Court resolve conflicts in the evidence to Plaintiff's detriment. The trier of fact must resolve any conflicts in the evidence. This Court cannot appropriately usurp that role in conjunction with ruling on a motion for summary judgment.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 47)** filed by Defendants West Quality Food Service, Inc. and Liberty Mutual Fire Insurance Co. is **DENIED.**

April 30, 2019

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE