UNITED STATES DISTRICT COURT

For the Eastern District of Louisiana

BRENDA THOMAS                          *

                    Plaintiff         *                    Civil Action No. 18-1264 (A) (4)

v.                                     *

                                       *

KFC CORPORATION, et al.                *

                    Defendants         *

*        *        *        *        *        *

## MEMORANDUM IN OPPOSITION TO MOTION FOR RECONSIDERATION

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Brenda Thomas, and respectfully submits this memorandum in opposition to the motion for reconsideration of defendant West Quality food Service, Inc. (Document 53), which seeks relief from the Court's denial of its motion for summary judgment (Document 49).

Statement of the Case

Plaintiff filed her Petition for Damages in Civil District Court for the Parish of Orleans, on 28 September 2017.  Document 1-3 at 1.  Defendants KFC Corporation, Yum Restaurant Services Group, LLC, and Yum Brands, Inc. filed their Notice of Removal on 7 February 2018. Document 1.  After plaintiff's Motion to Remand (Document 9) was denied on 15 May 2018 (Document 17), plaintiff dismissed without prejudice several parties from the litigation (Documents 30 & 31), amended her complaint (Document 39).  Plaintiff opposed the motion (Document 48), and the Court denied it on 30 April 2019, finding a genuine issue of material fact (Document 49).  Thereafter, on 18 September 2019, defendant filed a motion for "reconsideration" of this order, urging substantially the same arguments as were raised in the denied motion for summary judgment. This timely opposition follows.

1

<u>Law & Analysis</u>

*Standard of Review*

No Federal Rule of Civil Procedure provides for a 'Motion for Reconsideration' but such motions may properly be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment. *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). A motion for a new trial must be filed no later than 28 days after the entry of judgment. F.R.C.P. 59(b).

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  F.R.C.P. 60(b). Rule 60(b) provides that a district court can grant relief from an earlier order only under limited, extraordinary circumstances. See *Hernandez v. Thaler*, 630 F.3d 420, 429 (5th Cir. 2011).

*Governing Substantive Law*

To determine whether a defendant is negligent, the case usually requires proof of five separate elements: (1) duty; (2) breach of duty; (3) cause-in-fact; (4) scope of liability or scope of protection; and (5) damages. *Porteous v. St. Ann's Cafe & Deli*, 97-837, p. 5 (La. 5/29/98), 713 So. 2d 454, 457.  A food provider, in selecting, preparing and cooking food, including the removal of injurious substances, has a duty to act as would a reasonably prudent man skilled in the culinary

art in the selection and preparation of food. *Id.* In determining whether a restaurant breached its duty by failing to act reasonably in the selection, preparation, and cooking of the food that contained a substance which caused injury, the court should consider, among other things, whether the injurious substance was natural to the food served and whether the customer would reasonably expect to find such a substance in the particular type of food served. *Porteous*, 97-837, p. 6, 713 So.2d at 457.

*Argument*

Plaintiff hereby incorporates by reference as though pled hereunder *in extenso* those arguments she articulated in opposition to the original Rule 56 motion, as filed in Document 48; plaintiff respectfully contends that defendant's motion for reconsideration does not identify any change in law or fact to warrant relief from the Court's prior order denying the motion for summary judgment, and accordingly the motion for reconsideration should be denied for the same reasons.

Plaintiff makes the preliminary objection that the pending motion for reconsideration is untimely under the current scheduling order. The deadline to submit dispositive motions in this matter is 26 June 2019. Document 45. The filing of this motion for reconsideration is therefore improper, as defendant has not requested leave for the late filing and has provided no explanation; the filing moreover impinges upon plaintiff's trial preparation time and is accordingly prejudicial. The motion should be denied on this basis alone.

Defendant has not identified the procedural vehicle by which its motion arises, nor has it provided an analysis under the controlling law. Plaintiff highlights that defendant's motion is filed in excess of 28 days after the denial of its motion for summary judgment and therefore may not be considered under the relatively relaxed Rule 59(e) standard. The motion should therefore be construed as a Rule 60(b) motion. Because defendant fails to identify which disjunct therein

applies, plaintiff addresses each of them.  Rule 60(b)(1) requires a showing of "mistake, inadvertence, surprise, or excusable neglect"; defendant has not submitted evidence or argument on this disjunct.  Defendant has furthermore not submitted evidence or argument of 60(b)(2) "newly discovered evidence," as the motion doubles-down on the same argument that defendant made previously that no reasonable jury could believe plaintiff's testimony and photograph—a direct challenge to plaintiff's credibility (Document 53-3 at 8), which challenge the Court previously rejected as a basis for summary judgment.  Defendant does not present evidence or argument as to fraud, misrepresentation, or misconduct, which is required by 60(b)(3), and there is no suggestion in the motion that the order denying summary judgment is void (Rule 60(b)(4)) or based on earlier orders that have been vacated (Rule 60(b)(5)).

The motion must therefore proceed under Rule 60(b)(6), the residual catch-all provision, which is reserved for extraordinary circumstances. *Thaler*, 630 F.3d at 429.  Defendant has not shown extraordinary circumstances in its motion; rather, it rehearses a very ordinary scene wherein a defendant says that a plaintiff should not be believed—and on that basis alone once again asks the Court to adopt defendant's preferred interpretation of the evidence.

Defendant has specifically asserted, in a sequence that manages to contradict itself within three sentences, that "plaintiff has no proof other than her own inadmissible opinion testimony that the sandwich she purchased contained a dead rat carcass.  She has no scientific evidence identifying the item as a rat. The only proof of the nature of the item she purchased will be two photographs taken by her daughter moments after the alleged consumption." Document 53-3 at 1-2.  This sequence, in addition to contradicting itself ("no proof" vs. "only proof"), is erroneous in almost every conceivable way. First, plaintiff reiterates that she is not required to produce scientific evidence:

4

> The courts have never compelled a plaintiff to produce an actual analysis of the food consumed in order to establish its unwholesome condition. Rather, the courts have been willing to infer the deleterious nature of the food consumed from the circumstances surrounding the illness. In all of the cases in which there has been successful recovery, the plaintiff has shown that the food was consumed by him, and that no other food which might reasonably be assumed to have caused the illness had been consumed within a number of hours before or after the consumption of the suspect product. The plaintiff has also had medical opinion to the effect that it was probable that his illness was caused by the consumption of the particular product involved. In addition, the successful plaintiffs in the above cases have been able to show some other independent circumstance, which tends to prove his case.

*Foster v. AFC Enters., Inc*., 04-1014 (La. App. 3 Cir. 3/2/05), 896 So.2d 293, 296, *writ denied*, 05-0839 (La. 5/13/05) 902 So.2d 1027.  Defendant cites no case for the proposition that a plaintiff is required to produce scientific evidence in a deleterious food claim.

Second, defendant does not lay out an argument for why plaintiff's testimony that she ate a rat might be inadmissible.  No case is cited and no rationale is provided.  Plaintiff respectfully contends that the Rules 602 permits her to testify on personal knowledge, and, to the extent it is an "opinion" as alleged by defendant, it is in accord with the requirements of Rule 701.  However, plaintiff points out the *reductio ad absurdum* that develops from defendant's principle: if the challenged testimony—a factual assertion that the plaintiff bit into a rat with descriptions of associated tactile, gustatory, and visual sense perceptions—is an "opinion," then any testimony might be considered opinion, such as a witness' testimony about the witness' own name and address.  As a corollary, plaintiff wonders what expert might be qualified to testify what the plaintiff felt when she bit into the rat or how it appeared from her vantage point, which perspective is not recorded in the photographic evidence.  As it happens, defendant has neither produced an expert report on these issues nor designated any such expert—for the very probable reason that only lay testimony can encompass these sort of factual allegations.

Third, to the extent that defendant raises a challenge to the sufficiency of plaintiff's evidence, rather than to her credibility, plaintiff respectfully re-urges her prior opposition (Document 48).  In particular, plaintiff has testified that she ate a rat.  Document 48-2 at 42. Defendant's daughter, who took the photographs at issue (Document 48-6 at 3-4) also testified in her affidavit that she saw plaintiff bite the sandwich and saw that the sandwich contained a rat. Document 48-6 at 1-2. Plaintiff's grandchildren likewise witnessed her eating the sandwich and saw that the sandwich contained a rat.  Documents 48-7 and 48-8.  The evidence, therefore, is greater in quality and quantity than defendant has suggested.

Fourth, the independent circumstances envisioned by *Foster*, *supra*, are present here insofar as plaintiff sought treatment several days afterward, as reflected in defendant's exhibit from New Orleans East Hospital, whereat she complained of abdominal pain, nausea, and related gastrological ailments (Document 53-7 at 54); she was treated with intravenous fluids and given promethazine at the hospital (Document 53-7 at 32) and taken off work for two days (Document 53-7 at 33).  The emergency physician note recorded moderate to severe symptoms with an onset of 2 October 2019, the day after her purchase of a deleterious food item from defendant (Document 53-8 at 1), and a diagnosis of gastroenteritis (Document 53-8 at 5-6). Defendant nevertheless complains that the New Orleans East Hospital emergency department record does not mention the rat (Document 53-3 at 3) and that Dr. Cooper has no record of plaintiff's appearance at her clinic on 3 October 2019 (Document 53-3 at 4). It is unclear what sufficiency of evidence challenge is being made with these attempts to impeach the plaintiff's credibility.  However, plaintiff respectfully submits also her Exhibit A, the affidavit of one of Dr. Cooper's front desk personnel, who testifies that plaintiff appeared at Dr. Cooper's clinic on 3 October 2016 and requested an unscheduled appointment because she ate a rat, and was sent to New Orleans East Hospital's

emergency department; the affiant furthermore states that this encounter is not recorded in her office's chart.  Plaintiff therefore reported the rat to the first medical personnel whom she encountered on 3 October 2016; plaintiff otherwise testified that she explained the rat to New Orleans East hospital personnel (Document 48-2 at 50-52).  The question of whether the lack of the mention of the rat in the record means that the plaintiff did not provide it or that triage personnel did not record it may not be decided by summary judgment, where such inferences are drawn in favor of the non-movant—nor may the potentially more significant question of what that defect in the medical record might signify.  Otherwise, as shown in the opposition to original motion for summary judgment, plaintiff has treated and continues to treat for psychiatric problems related to this incident regularly since late 2016.

Most importantly, the main reason that plaintiff is unable to provide scientific proof is that defendant instructed her to return the day following her purchase (Document 48-2 at 44), which instruction she followed, at which time the deleterious food item at issue was taken from her and destroyed (Document 48-2 at 45-46).  As detailed at length in plaintiff's opposition to the original motion for summary judgment, defendant not only destroyed the deleterious food product, but also failed to preserve video evidence of plaintiff's return and defendant's destruction of the item at issue.  Furthermore, defendant testified that it took one statement, of the general manager, who has no knowledge of these events.  Document 48 at 7-9.  On the basis of this evidence that the corporation lacks knowledge and lost the video recording, defendant is unable to controvert plaintiff's testimony that its manager destroyed the sandwich at issue and is *a fortiori* unable to explain the destruction.  Plaintiff reiterates therefore her request for a rule 56(f) judgment for the non-movant on the spoliation of evidence.  At the very least, this is an independent circumstance under *Foster* that assists her in discharging her burden of proof.

Defendant likewise re-urges its interpretation of the photographs.  Document 53-3 at 6-7. Plaintiff respectfully reiterates her original opposition, that defendant is ignoring plaintiff's testimony that she bit the part of the meat that was hanging out of the bread, and moreover that the axial perspective from which the photographs were taken would not reveal the any markers of mastication, which markers are discernible only from the sagittal perspective.  Plaintiff's interpretation of the photographs is not difficult conceptually—and she has the right to submit this interpretation to the jury, who has the discretion to draw inferences of this sort—but defendant presents it as though the Court were confronted with an apocalyptic impossibility.  Furthermore, if the operative standard is expert scientific testimony, defendant fails to offer expert scientific evidence that there are no bite marks on the photographs, relying instead on mere legal argument.

Defendant also makes the suggestion that "delusion does not create genuine issue of material fact" (Document 53-3 at 8).  Defendant presents no medical evidence that plaintiff is delusional.  It is plaintiff's position that she has suffered psychiatric injury because of the incident at issue—defendant's unwarranted assertion appears to offer a stipulation that the plaintiff has a mental disease or disorder.

Plaintiff respectfully submits that all of these arguments, supra, were presented to the Court previously, and that the new evidence submitted (i.e., plaintiff's Exhibit A hereto) only strengthens the basis of the denial of the original motion for summary judgment.  Plaintiff also points out that defendant's motion argues outside the scope of Rule 56:  "The only proof that plaintiff will be able to present at trial is her own self-serving testimony that the meat on the sandwich was a rat. Any such statement by the plaintiff should be considered sheer speculation or nothing more than an unsubstantiated assertion that does not satisfy her burden of showing a genuine factual issue for trial. Because she sees a rat does not make it so."  Document 53 at 1.  These statements are of

8

course false—but they also attempt to rewrite the standard for summary judgment, which the Court should decline to permit.

Defendant further declares that the only issue in this case is "did the sandwich contain a dead rat carcass?' Document 53-3 at 8. In stating that the evidence on this issue is unequivocal, defendant is unintentionally correct—there is in fact no evidence that the sandwich does not contain a rat. Although defendant fervently presents its legal argument that it did not serve up an adulterated food product, it offers no evidence. By contrast, plaintiff and her family members testify that the sandwich was adulterated, and provide photographic evidence of the adulteration, along with medical evidence of her treatment thereafter. Defendant's corporate representative testified that the only witness from whom defendant took a statement is the restaurant manager, whom defendant found to have "no knowledge." Document 48-4 at 116-17. Defendant thus lacks any evidence to the contrary and is consequently unable to controvert plaintiff's corroborated testimony. Defendant's failure to submit evidence vitiates considerably the assertion that "Plaintiff should not be allowed to manufacture a factual dispute by asking the court to draw inferences that are clearly contrary to the evidence." Document 53-3 at 8. Even if defendant had submitted any evidence, all factual inferences are drawn in favor of the non-movant when assessing a motion for summary judgment.

Defendant further argues the policy implications if the Court permits "a plaintiff to defeat the motion for summary judgment in this case by simply testifying that he or she sees something that no one else sees." Document 53-3 at 8. Were it true that no one else sees what the plaintiff sees, then defendant should have no problem persuading the jury of its position. Were defeating a motion for summary judgment in this posture impermissible, then defendant should be able to cite many cases in support. As it happens, defendant is unable to cite a solitary case.

Conclusion

For these reasons aforesaid, the Motion for Reconsideration should be denied.

Respectfully submitted,

s/ *Ryan A. Jurkovic*_____
Isaac H. Soileau, Jr. (LSBA No. 21384)
ihs.soileaulegal@gmail.com
Ryan A. Jurkovic (LSBA No. 31384)
rjurkovic@soileaulegal.com
SOILEAU & ASSOCIATES, LLC
1010 Common Street, Suite 2910
New Orleans, Louisiana 70112
504 522 5900 /504 522 5998 (fax)
Attorneys for Plaintiff, Brenda Thomas

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleadings has been served on counsel of record for all parties to these proceedings, by ECF transmission, this 2nd day of October, 2019.

s/ *Ryan A. Jurkovic*_____